**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___9/30/2022_____

EUGENE KOROVIN,

                        **Plaintiff,**

            **-against-**

**CITIGROUP GLOBAL MARKET**
**HOLDINGS INC.,**

                   **Defendant.**

**21-cv-3294 (ALC)**

**ORDER**

**ANDREW L. CARTER, United States District Judge:**

      Plaintiff Korovin brought suit against Defendant Citigroup Global Market Holdings Inc. ("CGMHI"), alleging fraud under New York state law and filing of a false registration pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k.

      Defendant moved to dismiss Plaintiff's state and federal claims on December 3, 2021 for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On December 22, 2021, Plaintiff requested an extension of time to respond because of a family emergency related to the Covid-19 pandemic. The Court granted the request, extending Plaintiff's time to respond to January 28, 2022. On January 27, 2022, in light of the Court's decisions in related actions, Defendant requested the opportunity to refile their motion seeking dismissal of Plaintiff's federal claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The request was granted.

      Defendant again moved to dismiss on February 17, 2022. Plaintiff's reply was due on March 17, 2022. Plaintiff requested a 30-day extension due to a family emergency prompted by the war in Ukraine. Defendant consented to the request, and the Court granted the extension. Plaintiff's reply should have been filed on April 18, 2022. On April 15, 2022 Plaintiff requested

a 30-day extension but has not filed any response to Defendant's motion.  The Court now treats the Defendant's motions as unopposed.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted).  Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted).  Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court's function on a motion to dismiss is

"not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Additionally, "[a]lthough the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (internal quotation marks and citations omitted).

I.      State Law Claim

Federal diversity jurisdiction exists where plaintiffs and defendants are citizens of different states and the amount-in-controversy is greater than $75,000. *See* 28 U.S.C. §1332(a). When a plaintiff seeks declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted). The party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). The amount in controversy is measured "as of the date of the complaint." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

Plaintiffs seeking punitive damages for common law fraud claims must "allege fraud that is founded upon such moral indifference as to be 'aggravated by evil' or to be demonstrative of a criminal indifference to civil obligations." *Koch v. Greenberg*, 14 F. Supp. 3d 247, 273 (S.D.N.Y. 2014), *aff'd*, 626 F. App'x 335 (2d Cir. 2015) (quoting *Rush v. Oppenheimer & Co., Inc.*, 596 F. Supp. 1529, 1532 (S.D.N.Y.1984)).  However, "[p]unitive damages are 'refused in the "ordinary" fraud and deceit case.'" *Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 120 (2d Cir. 2019) (quoting *Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961)).  "A trial court

3

is plainly not compelled to accept a claim of punitive damages . . . made for the purpose of conferring federal jurisdiction." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017) (quoting *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972)).

Plaintiff seeks an award of $66,600 in compensatory damages and $378,000 in punitive damages. Plaintiff's complaint contains no allegations of "moral indifference" or "criminal indifference to civil obligations. *Koch*, 14 F. Supp. 3d at 273. Plaintiff's state law claims amount to "ordinary" fraud and cannot support a find of punitive damages. As such, Plaintiff fails to meet the amount-in-controversy requirement of Section 1332(a). The Court finds that it does not have subject matter jurisdiction over Plaintiff's state law claims. Since, as will be discussed below, the federal claims are also being dismissed, the Court cannot exercise supplemental jurisdiction over the state law claims. If Plaintiff files a sufficient amended complaint regarding the federal claims, the Court will revisit whether to exercise supplemental jurisdiction over these claims.

II.     Federal Law Claim

Defendant argues that Plaintiff's federal claims should be dismissed because the complaint lacks the particularity required under Rule 9(b). A plaintiff alleging a claim sounding in fraud must also meet the heightened particularity pleading standard of Fed. R. Civ. P. 9(b). Rule 9(b) "requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." F*in.*

*Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 403 (2d Cir. 2015); *see also Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 562 (S.D.N.Y. 2012).

Here, Plaintiff's complaint makes vague allegations of alleged misrepresentations by CGMHI.  In lieu of pleading the particular facts that support his allegations, Plaintiff pleaded only that Defendant "obviously" tampered with the notes because the performance was not to Plaintiff's satisfaction.  The dearth of specificity in the Complaint is insufficient to support Plaintiff's fraud claims.  Ordinarily, this would be sufficient for dismissal with prejudice.  However, the Court acknowledges that Plaintiff is proceeding *pro se* and will allow Plaintiff to amend his complaint to remedy the deficiencies.  Plaintiff must file an amended complaint on or before **October 31, 2022**.  Failure to do so will result in the dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matteis **GRANTED**, dismissing Plaintiff's state law claims.  Defendant's motion to dismiss Plaintiff's federal law claim **GRANTED. However, the dismissal of the federal and state claims is without prejudice.**

The Clerk of the Court is respectfully directed to terminate ECF Nos. 24, 31.

**SO ORDERED.**

Dated:    September 30, 2022
          New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**